■ MARVIN MOSKOWITZ, Appellant, v MELVIN SPITZ et al., Respondents. SOLOMON BORG et al., Nonparty Respondents. [664 NYS2d 545] —Orders, Supreme Court, Bronx County (Anne Targum, J.), entered July 12, 1996 and on or about March 24, 1997, which, insofar as appealed from, granted defendants-respondents' motion to dismiss the complaint to the extent of dismissing plaintiff's claim for punitive damages, holding that the burden of proof on the accrual date of plaintiff's causes of

action had shifted to plaintiff, and holding that there was no continuous representation to toll the Statute of Limitations, unanimously modified, to vacate the holding as to the burden of proof, and to vacate the holding as to continuous representation only with respect to the investment in National Community Centers XI-A, and otherwise affirmed, without costs.

We agree with the IAS Court that the record does not permit ascertainment of the accrual date, but disagree that the allegations plaintiff made in a related Federal action concerning the relevant dates were inconsistent with those he makes herein and constitute prima facie proof that the Statute of Limitations has expired. We also find that plaintiff's allegations that defendants advised him to participate in the roll-up of the National Community Centers XI-A investment are sufficient to show continuous representation with respect to that investment (*cf., Weiss v Manfredi*, 83 NY2d 974, 977). The allegations of wrongdoing do not show conduct so wantonly dishonest as to warrant punitive damages (*see, Walker v Sheldon*, 10 NY2d 401, 405). We have considered plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Nardelli, Williams and Colabella, JJ.