■ Julianne Charell et al., Respondents-Appellants, v Nicholas J. Gonzalez, Appellant-Respondent. [673 NYS2d 685] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered August 7, 1997, upon a jury verdict apportioning liability for plaintiff's injuries 51% against defendant and 49% against plaintiff and awarding plaintiff damages in the amount of $2,500,000 for past pain and suffering, $2,000,000 for future pain and suffering, $125,000 for past loss of earnings, $75,000 for future loss of earnings, and punitive damages of $150,000, such awards being reduced pursuant to CPLR article 14-A and structured pursuant to CPLR article 50-A, and bringing up for review an order of the same court and Justice, entered on or about June 10, 1997, which denied defendant's motion to set aside the verdict and plaintiff's cross motion to set aside that portion of the verdict as found that she assumed a risk of injury to herself, and an order of the same court (Karla Moskowitz, J.), entered on or about October 17, 1996, which denied defendant's motion for summary judgment, unanimously modified, on the law and the facts, to vacate that portion of the judgment awarding plaintiff punitive damages, and otherwise affirmed, without costs.

In this action for medical malpractice and lack of informed consent in connection with plaintiff's decision to forgo conventional chemotherapy/radiation treatments for her cancer and instead follow defendant's alternative nutritional regimen, the jury found defendant 51% liable for plaintiff's injuries and plaintiff 49% liable for her injuries, based on its conclusion that the treatment provided by defendant was a departure from good and accepted medical practice, which departure was a proximate cause of plaintiff's injuries. The jury also premised its verdict upon the finding that defendant failed to provide plaintiff with appropriate information with respect to the risks

of the treatment he offered and the alternatives thereto. It further found that a reasonably prudent person in plaintiff's position would not have agreed to the course of treatment offered by defendant if appropriately advised, but that, even without the benefit of proper advice, plaintiff, at least impliedly, assumed some of the risk of injury entailed by her election to undergo defendant's alternative therapy.

According due deference to the jury's determination, which was based upon its opportunity to observe and hear the witnesses, and weighing the conflicting testimony of the parties and their respective experts, it cannot be said that the evidence so preponderated in favor of defendant that the jury could not have reached its conclusion based upon any fair interpretation of the evidence (*Arpino v Jovin C. Lombardo, P. C.*, 215 AD2d 614, 615). We conclude, then, that the verdict with respect to liability was supported by sufficient evidence and was not against the weight of the evidence (*Cohen v Hallmark Cards*, 45 NY2d 493, 498-499; *Nicastro v Park*, 113 AD2d 129). In this connection, we are of the view that, based upon the evidence that plaintiff refused the treatment plan recommended to her by conventional oncological specialists and elected instead to follow defendant's alternative protocol, the jury's finding that plaintiff impliedly accepted a substantial part of the risk entailed by the alternative protocol is sustainable, notwithstanding the jury's concurrent finding that defendant did not discharge his duty to advise plaintiff respecting the risks of pursuing the alternative protocol.

We modify only to the extent of vacating the award of punitive damages. Defendant's conduct was not so wantonly dishonest (*Moskowitz v Spitz*, 243 AD2d 357), grossly indifferent to patient care (*Pascazi v Pelton*, 210 AD2d 910), or so malicious and/or reckless (*see, Camillo v Geer*, 185 AD2d 192) as to warrant such an award. We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin, Andrias and Saxe, JJ. *[See,* 173 Misc 2d 227.]