■ Jack Gray, Respondent, v Nicholas J. Gonzalez, Appellant. [735 NYS2d 776] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered May 30, 2000, in a wrongful death and medical malpractice action involving non-conventional treatment for cancer, inter alia, apportioning culpable conduct 49% against defendant physician and 51% against plaintiff's decedent, unanimously affirmed, with costs.

The standard duty of care in a medical malpractice action is the same for all physicians in this State regardless of whether they practice conventional or non-conventional therapies (*see, Matter of Gonzalez v New York State Dept. of Health*, 232 AD2d 886, 888-889, *lv denied* 90 NY2d 801). A different standard of care is not implicit in Education Law § 6527 (4) (e), which permits "[t]he physician's use of whatever medical care, conventional or non-conventional, which effectively treats human disease, pain, injury, deformity or physical condition," or in a patient's acceptance of non-conventional therapies, which, by itself, does not constitute an express assumption of risk (*see, id.; cf., Suria v Shiffman*, 107 AD2d 309, 313, *mod on other*

*grounds* 67 NY2d 87). Nor does the record support a finding of an express, as opposed to an implied, assumption of risk, such as might have warranted a jury charge on express assumption of risk (*cf., Arbegast v Board of Educ.*, 65 NY2d 161, 169-171). Instead, the jury was correctly instructed to consider whether plaintiff's decedent's acceptance of and adherence to defendant's non-conventional therapies was culpable conduct that implicitly assumed the risk entailed thereby, and, if so, the degree to which such conduct contributed to her injuries and death (*see, Charell v Gonzalez*, 251 AD2d 72, *lv denied* 92 NY2d 816). We have considered defendant's other arguments, including that the trial court's bias deprived him of a fair trial, and find them to be unavailing or without merit. Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.