■ MARK SCHIFFER, Appellant, v MARK G. SPEAKER, M.D., et al., Defendants, and TLC THE LASER CENTER (NORTHEAST), INC., Otherwise Known as TLC LASER EYE CENTER, Respondent. [828 NYS2d 363]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered February 16, 2006, on a directed verdict with costs and disbursements for defendant TLC, and bringing up for review a prior order, same court and Justice, entered on or about June 22, 2005, which denied plaintiff's motion to amend the complaint to seek punitive damages, unanimously affirmed, without costs.

The court properly directed the verdict on the issue of vicarious liability. The issues now raised by plaintiff in this respect are unavailing. The record demonstrates that defendant Dr. Speaker, whom the jury found liable for plaintiff's damages, was solely responsible for determining whether plaintiff was a suitable candidate for the LASIK surgery he performed. Plaintiff has failed to demonstrate that TLC had control over Dr. Speaker's decisions as a surgeon, or that TLC was negligent in any way (*see Warden v Orlandi*, 4 AD3d 239 [2004]). The court properly determined that the issue of ostensible agency was one of fact for the jury. When the jury returned a verdict in favor of TLC on that issue, plaintiff failed to move to set that portion of the verdict aside or otherwise preserve any claim for this Court's review relating to ostensible agency.

Plaintiff's motion to amend the complaint was made 2½ years after the action was commenced, more than a year after the note of issue was filed, and only 20 days prior to trial, a delay that significantly prejudiced defendants (*see Heller v Louis Provenzano, Inc.*, 303 AD2d 20 [2003]). In any event, punitive damages in medical malpractice actions are not recoverable unless the conduct is wantonly dishonest, grossly indifferent to patient care, or malicious and/or reckless (*Charell v Gonzalez*, 251 AD2d 72, 73 [1998], *lv denied* 92 NY2d 816 [1998]; *see also Rudolph v Jerry Lynn, D.D.S., P.C.*, 16 AD3d 261, 263 [2005]). There is no evidence that either Dr. Speaker or TLC engaged in conduct that rose to the level required to warrant punitive damages. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.