■ TAREK YOUSSEF HASSAN SALEH, Appellant, v 5TH AVE. KINGS FRUIT & VEGETABLES CORP. et al., Respondents, et al., Defendant. [939 NYS2d 102]—

In 2008, after the defendant Mahmoud Abdul Azeez allegedly defamed the plaintiff in front of a crowd outside of the store operated by the defendant 5th Ave. Kings Fruit & Vegetables Corp. (hereinafter the store), the plaintiff sued Azeez, the store, store owner Adel Kassim, and store manager Youssof Alshoaibey. The plaintiff alleged defamation, intentional infliction of emotional distress, prima facie tort, and tortious interference with contractual relations and prospective business relationships with respect to all defendants. Azeez has not appeared in this action.

The store, Kassim, and Alshoaibey (hereinafter collectively the defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. After their motion was denied due solely to a procedural defect, the plaintiff moved for leave to serve a second amended complaint to include a cause of action based on the doctrine of respondeat superior, as well as causes of action alleging negligent hiring, supervision, and training. The defendants then cross-moved for summary judgment, raising the same arguments presented in their initial motion. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion.

"Leave to amend a pleading should be freely granted where . . . the proposed amendment is not palpably insufficient or patently devoid of merit, and will not prejudice or surprise the opposing party" (*Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005] [citation omitted]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 980 [2009]). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend his complaint, since the proposed amendments were patently devoid of merit (*see Dubi v Jericho Fire Dist.*, 22 AD3d 631, 632-633 [2005]).

The Supreme Court also properly granted the defendants' cross motion for summary judgment dismissing the amended complaint insofar as asserted against them. The record reflects, and the plaintiff concedes, that the defendants did not utter any defamatory statements regarding him. Moreover, the defendants presented evidence establishing that they did not instigate or participate in the verbal altercation between the plaintiff and Azeez. Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law dismissing those causes of action alleging defamation (*see Salvatore v Kumar*, 45

AD3d 560, 563 [2007]) and intentional infliction of emotional distress (see *Freihofer v Hearst Corp.*, 65 NY2d 135, 143-144 [1985]; *Epifani v Johnson*, 65 AD3d 224, 230-231 [2009]) insofar as asserted against them. The plaintiff failed to raise a triable issue of fact in opposition.

Additionally, the defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the plaintiff's cause of action alleging prima facie tort insofar as asserted against them, by demonstrating, inter alia, that the plaintiff did not incur special damages, a "requisite element[ ] of a cause of action for prima facie tort" (*Freihofer v Hearst Corp.*, 65 NY2d at 142; see *Epifani v Johnson*, 65 AD3d at 233). They also established their prima facie entitlement to judgment as a matter of law with respect to the plaintiff's cause of action alleging tortious interference with contractual relations and prospective business relationships (see *Smith v Meridian Tech., Inc.*, 86 AD3d 557, 559-560 [2011]; *Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 76 AD3d 515, 515-516 [2010]; *NRT Metals v Laribee Wire*, 102 AD2d 705, 706 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.