In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 21, 2011, as granted the motion of the defendant Scott Wodicka and the separate motion of the defendants Southside Hospital and James Shashasty for leave to amend their answers to include an affirmative defense of assumption of risk.
Ordered that the order is affirmed insofar as appealed from, *766 with one bill of costs payable to the respondents appearing separately and filing separate briefs.
A party may amend its pleadings at any time by permission of the court, and leave should be freely given (see CPLR 3025 [b]), “provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit” (Douglas Elliman, LLC v Bergere, 98 AD3d 642, 643 [2012] [internal quotation marks omitted]; see Gotlin v City of New York, 90 AD3d 605, 606-607 [2011]; Lucido v Mancuso, 49 AD3d 220, 229 [2008]). The Supreme Court has broad discretion in determining whether to grant leave, and its determination will not be lightly disturbed (see Douglas Elliman, LLC v Bergere, 98 AD3d at 643; Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp., 92 AD3d 749, 750 [2012]; Peerless Ins. Co. v Micro Fibertek, Inc., 67 AD3d 978, 980 [2009]).
The plaintiff does not contend that she would be prejudiced or surprised by granting the motion of the defendant Scott Wodicka and the separate motion of the defendants Southside Hospital and James Shashasty (hereinafter collectively the movants) for leave to amend their answers to include an affirmative defense of assumption of risk. Moreover, contrary to the plaintiffs contentions, the proposed affirmative defense is neither palpably insufficient nor patently devoid of merit, as the hospital records of the plaintiffs decedent contain numerous references to the plaintiffs decedent and her family, pursuant to the health care proxy executed by the plaintiffs decedent, expressly refusing blood transfusions, despite being told the plaintiffs decedent could die without blood transfusions (see Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169 [1985]; cf. Gray v Gonzalez, 290 AD2d 292, 293 [2002]; Charell v Gonzalez, 251 AD2d 72 [1998]; Beck v Northside Med., 46 AD3d 499, 500 [2007]).
The plaintiffs remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly granted the movants’ separate motions for leave to amend their answers to include an affirmative defense of assumption of risk. Dillon, J.P, Balkin, Austin and Sgroi, JJ., concur.