Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc. (2021 NY Slip Op 05883)





Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc.


2021 NY Slip Op 05883


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2019-03043
 (Index No. 523758/17)

[*1]Andrew Thomson, appellant, 
v
Watchtower Bible and Tract Society of New York, Inc., respondent.


Andrei A. Popescu, PLLC, Brooklyn, NY, for appellant.
Watchtower Bible and Tract Society of New York, Inc., Patterson, NY (Carolyn R. Wah and Crystal L. Matteson of counsel), respondent pro se.



DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Wayne Saitta, J.), dated February 7, 2019. The judgment, upon an order of the same court dated December 18, 2018, granting the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint and denying the plaintiff's cross motion for leave to amend the amended complaint, is in favor of the defendant and against the plaintiff dismissing the amended complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant asserting a cause of action to recover damages for fraud, and soon thereafter filed an amended complaint. The Supreme Court granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action and denied the plaintiff's cross motion to amend the amended complaint. The plaintiff appeals.
The Supreme Court properly determined that the amended complaint, which alleged only fraud, failed to state a cause of action. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [citations omitted]; Shahid v Ridgewood Bushwick Senior Citizens Council, Inc., 181 AD3d 744, 745 [internal quotation marks omitted]).
Here, the amended complaint failed to state a cause of action to recover damages for fraud or any other cognizable cause of action.
Although the amended complaint alleged that the defendant's online publication of a 1984 version of the book known as the New World Translation of the Holy Scriptures failed to specify that the New World Bible Translation Committee was responsible for the translated text, this omission could, at best, be considered a concealment. "[A] cause of action to recover damages for fraudulent concealment requires . . . an allegation that the defendant had a duty to disclose material [*2]information" (Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 878 [internal quotation marks omitted]). Here, there is no allegation that the parties were in a fiduciary relationship or that there otherwise existed a duty to disclose and, instead, "[t]he narrative within the complaint is devoid of facts indicating any connection between [the parties] that would give rise to a fiduciary duty" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179). Moreover, there is no allegation that reliance on the alleged misrepresentation was justifiable under the circumstances or that the defendant's conduct resulted in damages (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142-143). Accordingly the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the amended complaint. "'Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Douglas Elliman, LLC v Bergere, 98 AD3d 642, 643, quoting Clark v Clark, 93 AD3d 812, 816 [internal quotation marks omitted]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp., 92 AD3d 749, 750 [internal quotation marks omitted]). Here, the proposed amended complaint was patently devoid of merit.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court