Muhlstock v Hebrew Home for the Aged at Riverdale (2024 NY Slip Op 06128)

Muhlstock v Hebrew Home for the Aged at Riverdale

2024 NY Slip Op 06128

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 22460/13 Appeal No. 3189 Case No. 2023-04036 

[*1]Todd Muhlstock etc., et al., Plaintiffs-Appellants,
v
The Hebrew Home For The Aged at Riverdale, Defendant-Respondent.

Michael H. Zhu, P.C., Rego Park (Michael H. Zhu of counsel), and Parker Waichman LLP, Port Washington, for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Steven V. DeBraccio of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered July 31, 2023, which granted defendant's motion for partial summary judgment dismissing plaintiff's gross negligence claim and corresponding demand for punitive damages, unanimously affirmed, without costs.
Plaintiff's decedent resided at defendant facility from 2005 to 2012 while suffering from dementia with depression, questionable Lewy Body versus Alzheimer's disease, Parkinson's disease, tremors, seizure disorder, and hypertension. While decedent fell in excess of 20 times during the years he resided at defendant facility, the records reflect that as his condition deteriorated, his fall risk protocols were progressively increased until, at the time of his death, he was in the dementia unit and on close supervision such that he would be placed during waking hours in the vicinity of the nurse's station for supervision. Although the experts disagree as to whether additional safety devices could have been effective and whether one-on-one supervision should have been implemented, defendant's failure to take such measures cannot be considered willful conduct that evidences a high degree of moral culpability so as to support a claim of punitive damages (see Charell v Gonzalez, 251 AD2d 72, 73 [1st Dept 1998], lv denied 92 NY2d 816 [1998]; see also Schiffer v Speaker, 36 AD3d 520, 521 [1st Dept 2007]; compare Hairston v Liberty Behav. Mgmt. Corp., 138 AD3d 467 [1st Dept 2016]; Graham v Columbia Presbyt. Med. Ctr., 185 AD2d 753 [1st Dept 1992]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024