■ WINSTON DONALDSON, Appellant, v HYATT L. SPENCER et al., Respondents. [832 NYS2d 455]—

In an action, inter alia, to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated October 28, 2005, which denied his motion, in effect, for summary judgment on the cause of action for a declaration that he is the rightful owner of the subject property, and granted the defendants' cross motion, in effect, for summary judgment declaring that the defendants Hyatt L. Spencer and Beverly H. Spencer are the rightful owners of the subject property, and to dismiss the remainder of the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendants Hyatt L. Spencer and Beverly H. Spencer are the rightful owners of the subject property.

The Supreme Court properly granted the defendants' cross motion and declared that the defendants Hyatt L. Spencer and Beverly H. Spencer are the rightful owners of the subject property. Contrary to the plaintiff's contention, the deed conveying title to the Spencers was properly acknowledged (*see* Real Property Law §§ 292, 293). Furthermore, in response to the defendants' prima facie establishment of their entitlement to summary judgment the plaintiff failed to raise an issue of fact as to his ownership of the property (*see generally Brookhaven Mem. Hosp. Med. Ctr. v County of Suffolk,* 155 AD2d 404, 406-407 [1989]). The conclusory allegations of fraud made by the plaintiff's counsel are insufficient to raise an issue of fact in response to the defendants' documentary proof (*see generally Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]).

The Supreme Court properly dismissed the remainder of the complaint (*see* CPLR 3211 [a] [7]), since the plaintiff failed to

allege sufficient facts to state a cause of action for fraudulent inducement or conspiracy to defraud (*see* CPLR 3016 [b]; *Greschler v Greschler*, 51 NY2d 368, 375 [1980]; *Jae Heung Yoo v Se Kwang Kim*, 289 AD2d 451, 452 [2001]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring, inter alia, that the defendants Hyatt L. Spencer and Beverly H. Spencer are the rightful owners of the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.