JANET CALLAGHAN, Appellant, v W. ROBERT CURTIS et al., Respondents. [920 NYS2d 93]—

The appeal from so much of the order as denied those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' counterclaims and to be relieved of her default in responding to a notice to admit, deemed the allegations in the notice to admit to be true, and granted those branches of the defendants' cross motion which

were for summary judgment on their fourth and fifth counterclaims must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established, prima facie, their entitlement to judgment as a matter of law on their fourth and fifth counterclaims for an account stated by presenting evidence that the plaintiff received and retained, without objection, invoices for legal services rendered (*see Gassman & Keidel, P.C. v Adlerstein,* 63 AD3d 784 [2009]). Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was to be relieved of her default in responding to a notice to admit, and properly deemed the allegations in the notice to admit to be true (*see* CPLR 3123; *Carlson v Travelers Ins. Co.,* 35 AD2d 351, 353 [1970]). The plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The Supreme Court therefore properly granted that branch of the defendants' cross motion which was for summary judgment on their fourth and fifth counterclaims, and properly denied those branches of the plaintiff's motion which were for summary judgment dismissing those counterclaims and to be relieved of her default in responding to a notice to admit.

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend her reply to the defendants' counterclaims to interpose the defense of fraud. On a prior appeal, this Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint in this action (*see Callaghan v Curtis,* 48 AD3d 501 [2008]). The dismissal of an action by summary judgment constitutes a determination on the merits (*see Methal v City of New York,* 50 AD3d 654, 656 [2008]). Since the events underlying the plaintiff's proposed defense of fraud are the same as those which formed the basis for her causes of action alleging legal malpractice, the doctrine of the law of the case precluded consideration of the plaintiff's proposed amendment to her reply (*see Wells Fargo Bank Minn., N.A. v Perez,* 70 AD3d 817 [2010]; *Frankson v Brown & Williamson Tobacco Corp.,* 67 AD3d 213 [2009]).

The argument made by the plaintiff in Point I of her brief is raised for the first time on appeal, and we therefore do not address it (*see generally Schehr v McEvoy,* 43 AD3d 899, 900 [2007]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.