■ UNION STREET TOWER, LLC, Appellant, v ERIC RICHMOND et al., Respondents. [922 NYS2d 503]—

In an action for specific performance of a contract for the sale of certain rights to the development of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 9, 2010, which denied its motion for summary judgment dismissing the defendants' first and second counterclaims.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment dismissing the defendants' first and second counterclaims is granted.

Prior to March 2003, the defendant Eric Richmond owned certain real property that was divided into two parcels, lot 1 and lot 4. The property was encumbered by two mortgages. In March 2003 Richmond entered into an agreement with, among others, the plaintiff, Union Street Tower, LLC (hereinafter Union Street), whereby Richmond would deliver to Union Street a duly executed deed to lot 4 and transfer certain development rights from lot 1 to lot 4, and Union Street's managing member, Jean G. Miele, would take over the first mortgage and forgive the second mortgage insofar as the mortgages affected lot 1, leaving lot 1 free and clear of both mortgages. The agreement also gave Richmond the option to repurchase lot 4 within one year of the execution of the agreement. Pursuant to the agreement, Richmond delivered a deed to lot 4 to Union Street.

Within one year of the execution of the agreement, Richmond attempted to exercise the repurchase option. However, the parties could not agree on a purchase price, and Richmond ultimately failed to appear at the scheduled closing. Thereafter, Union Street notified Richmond that the repurchase option had expired. In March 2004 Richmond commenced an action against, among others, Miele and Union Street, seeking, inter alia, to compel specific performance of the repurchase option provision

in the agreement. Miele and Union Street moved to dismiss the complaint for failure to state a cause of action. The Supreme Court granted the motion and dismissed the complaint, holding that Richmond was not entitled to the relief requested in the complaint because he had not come to court with clean hands. Richmond appealed, and this Court affirmed the order, but on the ground that Richmond had defaulted under the contract (*see Richmond v Miele*, 30 AD3d 575 [2006]).

In January 2009 Union Street commenced this action against Richmond and the defendant 231 Fourth Avenue Lyceum, LLC (hereinafter together the defendants), of which Richmond was the sole member. Union Street seeks specific performance of that part of the March 2003 agreement providing for Richmond to transfer certain development rights from lot 1 to lot 4. The defendants' first counterclaim alleged that, pursuant to Real Property Law § 320, the March 2003 deed should be considered a mortgage. The defendants' second counterclaim alleged that they had the right to redeem lot 4 in an amount to be determined by the Supreme Court. Union Street moved for summary judgment dismissing the first and second counterclaims based on, inter alia, res judicata. The Supreme Court denied Union Street's motion, holding that the case presented a "different factual grouping" than the prior case. Union Street appeals from the order, and we reverse.

The doctrine of res judicata " 'operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding' " (*Luscher v Arrua*, 21 AD3d 1005, 1006-1007 [2005], quoting *Koether v Generalow*, 213 AD2d 379, 380 [1995]). To determine what "factual grouping" constitutes a "transaction," the court must consider how " 'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage' " (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981], quoting Restatement [Second] of Judgments [Tent Draft No. 1] § 61; *see Braunstein v Braunstein*, 114 AD2d 46, 53 [1985]). Under New York's transactional approach to the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

The first and second counterclaims in this action are barred by res judicata because those claims could have been resolved in the March 2004 action (*see Jennings v City of Glens Falls Indus. Dev. Agency*, 9 AD3d 773, 774 [2004]). These counterclaims, when compared with the causes of action in the March 2004 action "are related in time, space, origin, [and] motivation" (*Smith v Russell Sage Coll.*, 54 NY2d at 192-193). They (1) originate from the identical agreement, (2) span the same period of time, (3) involve the same chief participants, and (4) involve the same motivation of Richmond to reclaim an ownership interest in lot 4. "Under these circumstances, it is almost impossible to resist the conclusion that the over-all transaction here formed a convenient trial unit and that this view conforms to reasonable expectations" (*Smith v Russell Sage Coll.*, 54 NY2d at 193 [internal quotation marks omitted]).

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.