DIMITRIUS PANAGIOTOU et al., Respondents, v SAMARITAN VILLAGE, INC., et al., Appellants. [930 NYS2d 897]—

The plaintiffs own a building in Richmond Hill, Queens, adjacent to a lot owned by the defendants, Samaritan Village, Inc., and Samaritan Foundation, Inc. (hereinafter together Samaritan). In 2003, Samaritan constructed a new building on its property. In April 2006 the plaintiffs commenced an action against, among others, Samaritan, claiming that the excavation work was negligently performed and caused damage to their building (hereinafter the 2006 action). After the plaintiffs failed to comply with certain discovery demands, the Supreme Court issued a conditional order of preclusion in the 2006 action, which became absolute when the plaintiffs did not remedy their noncompliance. Thereafter, the Supreme Court granted Samaritan's motion, made jointly with other defendants, for summary judgment dismissing the complaint in the 2006 action on the ground that, given the preclusion order, the plaintiffs would not be able to prove their case. On appeal, this Court affirmed that determination (see Panagiotou v Samaritan Vil., Inc., 66 AD3d 979 [2009]).

In August 2009, while their appeal in the 2006 action was pending, the plaintiffs commenced the instant action alleging that Samaritan breached an agreement to purchase insurance to protect the plaintiffs' property from Samaritan's construction activity. The alleged damages, however, consisting of property damage to the plaintiffs' building, arose from the same excavation work at issue in the 2006 action. Samaritan moved for summary judgment dismissing the complaint on the ground that the instant action was barred by the doctrine of res judicata. The Supreme Court denied the motion. We reverse.

Contrary to the Supreme Court's determination, the order granting summary judgment in the 2006 action constituted a determination on the merits (*see Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737, 738-739 [1983]; *Barrett v Kasco Constr. Co.*, 56 NY2d 830, 831 [1982]; *Callaghan v Curtis*, 82 AD3d 816, 817 [2011]; *Methal v City of New York*, 50 AD3d 654, 656 [2008]; *Yates v Roco Co.*, 48 AD3d 800 [2008]; *Kalinka v Saint Francis Hosp.*, 34 AD3d 742, 744 [2006]; *Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124, 125 [2000]; *Barber v Pfeiffer*, 261 AD2d 495, 495-496 [1999]; *cf. Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615-616 [1985]). Furthermore, "under New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Hunter*, 4 NY3d 260, 269 [2005], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Reilly v Reid*, 45 NY2d 24, 29 [1978]; *Richter v Sportsmans Props., Inc.*, 82 AD3d 733, 735 [2011]). The instant action arises out of the same transaction that was the subject of the 2006 action. Thus, while the plaintiffs now seek relief on a different theory, the instant action is nevertheless barred by the doctrine of res judicata.

Accordingly, the Supreme Court should have granted Samaritan's motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.