DOUGLAS ELLIMAN, LLC, et al., Appellants, v JANE BERGERE, Respondent. [949 NYS2d 766]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 6, 2011, as granted that branch of the defendant's motion which was to dismiss the second amended complaint pursuant to CPLR 3211 (a) (5) based on the doctrine of res judicata, and denied their cross motion for leave to amend their second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the plaintiffs' second amended complaint should be dismissed pursuant to CPLR 3211 (a) (5) based on the doctrine of res judicata. "Under

the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]; *see Pondview Corp. v Blatt*, 95 AD3d 980, 980 [2012]; *Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d 1025, 1026 [2008]; *see also Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Union St. Tower, LLC v Richmond*, 84 AD3d 784, 785 [2011]). Res judicata thus "operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding" (*Union St. Tower, LLC v Richmond*, 84 AD3d at 785, quoting *Luscher v Arrua*, 21 AD3d 1005, 1006-1007 [2005] [internal quotation marks omitted]). In determining "what factual grouping constitutes a transaction, the court must consider how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties expectations or business understanding or usage" (*Union St. Tower, LLC v Richmond*, 84 AD3d at 785, quoting *Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981] [internal quotation marks omitted]). Here, the plaintiff Mary Zahoudanis is in privity with the plaintiff Douglas Elliman, LLC, which could have raised the instant claim for a brokerage commission in a prior action commenced in the Supreme Court, New York County, entitled *Douglas Elliman, LLC v Usdan*, under index No. 602288/07. Since the claim for a brokerage fee in the instant action is grounded on the same transaction or series of transactions as the prior action, the instant action is barred by the doctrine of res judicata.

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to amend their second amended complaint. " 'Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit' " (*Clark v Clark*, 93 AD3d 812, 816 [2012], quoting *Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]). " 'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed' " (*Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp.*, 92 AD3d 749, 750 [2012], quoting *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 980 [2009]). Here,

the proposed amendments were patently devoid of merit. Consequently, the Supreme Court properly denied the plaintiffs' cross motion.

Insofar as the defendant seeks the imposition of sanctions in connection with this appeal, we decline that request (*see* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1). To the extent that the defendant seeks review of the denial of her request for the imposition of sanctions in the Supreme Court, the defendant did not file a notice of cross appeal from the order and, therefore, the issue is not properly before us (*see Lane v Smith*, 84 AD3d 746, 746 [2011]).

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Rivera, J.P., Eng, Lott and Miller, JJ., concur.