■ Maryanne Cox et al., Appellants, v Timothy C. Hubbard et al., Respondents. [982 NYS2d 370]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 14, 2012, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In February 2005, C Starr Y Corp. entered into a purchase agreement with Hubbard 5 KDS. Corp. with respect to the sale of a restaurant in Riverhead. A separate 20-year lease was entered into between 65 East Main Street Corp. and Hubbard 5 KDS. Corp. with respect to the premises at which the restaurant operated. The defendant Lisa Hubbard (hereinafter Lisa) signed both the purchase agreement and the lease on behalf of Hubbard 5 KDS. Corp.

In September 2005, subsequent to the execution of the purchase agreement and the lease, the plaintiffs commenced an action against Hubbard 5 KDS. Corp. and Lisa (hereinafter the 2005 action) alleging that C Starr Y Corp. had assigned to the plaintiffs the right to collect any debts owed under the purchase agreement and the lease and that Hubbard 5 KDS. Corp. and Lisa were in breach of both the lease and the purchase agreement. Lisa moved for summary judgment dismissing the complaint in the 2005 action insofar as asserted against her. In an order dated April 26, 2011, the Supreme Court granted Lisa's motion on the ground that she was not liable for the subject debts of Hubbard 5 KDS. Corp. since she signed the purchase agreement and the lease on behalf of a disclosed principal.

In June 2011, the plaintiffs commenced this action against Lisa and her husband, the defendant Timothy C. Hubbard (hereinafter Timothy), alleging, inter alia, breach of the purchase agreement and the lease. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a), and the Supreme Court granted the defendants' motion.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]; *see Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 642-643 [2012]; *Pondview Corp. v Blatt*, 95 AD3d 980, 980 [2012]; *Matter of ADC Contr. & Constr., Inc. v Town of Southampton*, 50 AD3d 1025, 1026 [2008]). "The doctrine of res judicata 'operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding' " (*Luscher v Arrua*, 21 AD3d 1005, 1006-1007 [2005], quoting *Koether v Generalow*, 213 AD2d 379, 380 [1995]; *see Douglas Elliman, LLC v Bergere*, 98 AD3d at 643; *Panagio-*

*tou v Samaritan Vil., Inc.*, 88 AD3d 779, 780 [2011]; *Union St. Tower, LLC v Richmond*, 84 AD3d 784, 785 [2011]). "An order granting a summary judgment motion is on the merits and has preclusive effect" (*Methal v City of New York*, 50 AD3d 654, 656 [2008]; *see Callaghan v Curtis*, 82 AD3d 816, 817 [2011]).

Here, the claims asserted by the plaintiffs against Lisa arose out of the same series of transactions as those at issue in the 2005 action. All of the claims asserted here could have been raised against her in the 2005 action, as they originate from the same events which gave rise to the 2005 action. As a result, the Supreme Court properly directed dismissal of the complaint insofar as asserted against Lisa (*see* CPLR 3211 [a] [5]).

Further, to the extent that the plaintiffs allege that Timothy was in privity with Lisa and/or Hubbard 5 KDS. Corp., the doctrine of res judicata would bar this action insofar as asserted against him (*see Abraham v Hermitage Ins. Co.*, 47 AD3d at 855). In any event, the causes of action asserted against Timothy, who was not a party to the purchase agreement or the lease and did not sign either of those documents on his own behalf or on behalf of Hubbard 5 KDS. Corp., failed to state a cause of action insofar as asserted against him (*see* CPLR 3211 [a] [7]; *Cuomo v Mahopac Natl. Bank*, 5 AD3d 621, 622 [2004]). Dickerson, J.P., Chambers, Austin and Sgroi, JJ., concur.