In an action, inter alia, for declaratory relief and a permanent injunction enjoining the defendant Clocktower Plaza Properties, Ltd., from utilizing the plaintiffs property as a means of ingress *777 and egress pursuant to an easement dated March 20, 1989, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered March 21, 2013, which granted that branch of the motion of the defendant Clocktower Plaza Properties, Ltd., which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it based on the doctrine of res judicata.
Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Clocktower Plaza Properties, Ltd., which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it based on the doctrine of res judicata is denied.
In July 2009, the plaintiff commenced an action (hereinafter the first action) seeking damages against, among others, Clocktower Plaza Properties, Ltd. (hereinafter Clocktower), alleging that Clocktower had breached an easement agreement between the parties by failing to make any payments pursuant to that agreement between February 2001 and February 2009. The Supreme Court awarded Clocktower summary judgment dismissing the first action as time-barred.
In May 2010, the plaintiff commenced another action against Clocktower (hereinafter the second action), alleging that Clocktower was committing a continuing trespass by continuing to enter onto his property without his consent. The Supreme Court awarded Clocktower summary judgment dismissing the second action on the ground that, as an out-of-possession landlord, the plaintiff could not maintain an action sounding in trespass.
In September 2012, the plaintiff commenced the instant action against, among others, Clocktower, seeking, inter alia, a permanent injunction enjoining it from entering onto his property. The plaintiff alleged, among other things, that Clocktower had breached the easement agreement by continuing to refuse to make payments as required under its terms and that, consequently, he had properly terminated the agreement, thus stripping Clocktower of any rights it might have had to enter upon his property. Alternatively, the plaintiff alleged that, since Clocktower had asserted in the second action that it was not a party to the easement agreement, Clocktower was judicially estopped from arguing otherwise and, thus, it had no rights arising from the easement agreement and no other basis upon which to lawfully enter upon his property. Clocktower moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it based on the doctrine of res judicata, and the Supreme Court granted that relief. *778 “Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding” (Abraham v Hermitage Ins. Co., 47 AD3d 855, 855 [2008]). “The doctrine of res judicata operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding” (Union St. Tower, LLC v Richmond, 84 AD3d 784, 785 [2011] [internal quotation marks omitted]). To determine what factual grouping constitutes a transaction, the court must consider how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations, business understanding, or usage (see Smith v Russell Sage Coll., 54 NY2d 185, 192-193 [1981]).
Here, contrary to Clocktower’s contention, res judicata does not bar this action. Pursuant to the terms of the easement agreement, Clocktower has a continuing obligation to pay the plaintiff for its use of his property. By alleging that Clocktower affirmatively refused to abide by the easement agreement even after the disposition of the first action, which only sought damages for breach of the easement agreement over a limited period of time, the plaintiff made out a cause of action alleging Clocktower’s anticipatory repudiation of the agreement that, if established, permitted him to terminate the easement agreement. These allegations could not have formed the basis for either the first or the second action and, thus, Clocktower’s alleged subsequent breaches are not part of the same group of transactions that resulted in the dismissal of the first and second actions (see generally IDT Corp. v Tyco Group, S.A.R.L., 104 AD3d 170, 177-178 [2012], revd on other grounds 23 NY3d 497, 504 [2014]).
In light of the foregoing, the Supreme Court should not have granted that branch of Clocktower’s motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it based on the doctrine of res judicata.
Balkin, J.P, Chambers, Cohen and Duffy, JJ., concur.