■ MARIE MYERS, Appellant, v CLAY F. MEYERS, JR., et al., Respondents. [993 NYS2d 729]—

In an action pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), entered July 12, 2012, which denied her motion for summary judgment on the complaint and granted the cross motion of the defendants Mortgage Electronic Registrations Systems, Inc. (MERS), and Real Estate Mortgage Network, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff married her late husband (hereinafter the deceased) in 1947 and the couple had nine children, including the defendant Clay F. Myers, Jr., sued herein as Clay F. Meyers, Jr. (hereinafter Myers). In 1970, the deceased acquired title to the subject real property located in Jamaica, Queens (hereinafter the premises). Pursuant to a deed dated November 6, 1970, and recorded on November 24, 1970, the deceased conveyed title to the premises to himself and Myers as tenants in common. The instant complaint alleges that the deceased died intestate on April 7, 1984, and was survived by the plaintiff and their nine children, including Myers.

In June 2007, Myers executed a note in favor of the defendant Real Estate Mortgage Network, Inc. (hereinafter Mortgage Network), evidencing a loan in the amount of $219,000. The note was secured by a mortgage on the entire premises. Myers delivered the note and mortgage to the defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Mortgage Network. The mortgage was duly recorded on July 12, 2007.

In November 2007, the plaintiff commenced an action against Myers, MERS, and Mortgage Network seeking a declaration that the mortgage was void (hereinafter the 2007 action). In the 2007 action, the plaintiff alleged that Myers did not have an ownership interest in the property and therefore lacked the capacity and authority to execute the mortgage. Thus, the plaintiff contended, the mortgage was void ab initio. However, in the 2007 action, the plaintiff did not allege that title to the deceased's undivided one-half interest in the premises vested automatically in her and their children upon the deceased's death. MERS and Mortgage Network (hereinafter together the MERS defendants) moved for summary judgment dismissing the complaint in the 2007 action insofar as asserted against them, and Myers separately moved for summary judgment dismissing that complaint insofar as asserted against him. In an order entered July 27, 2010, the Supreme Court granted both

motions and directed dismissal of the complaint in its entirety. The court found that the MERS defendants had established, inter alia, that the mortgage loan "was extended to the record owner" of the premises for valuable consideration, without notice of the plaintiff's claimed interest. With respect to Myers, the court found, inter alia, that the plaintiff "ha[d] not pleaded a case against him . . . and seeks no relief from him." To the contrary, the court observed, the plaintiff sought only a declaratory judgment that the mortgage was void ab initio. Subsequently, in an order dated January 10, 2011, the court granted the plaintiff's motion for leave to reargue and, upon reargument, adhered to its original determination. The plaintiff did not appeal from either of the orders in the 2007 action.

On or about April 22, 2011, the plaintiff commenced the instant action against Myers and the MERS defendants, in which she specifically alleged, inter alia, that she was married to the decedent when he died intestate in 1984 and, thus, title to his undivided one-half interest in the premises vested automatically in her and their children at the time of his death. In the instant action, the plaintiff sought a judgment pursuant to RPAPL 1501 declaring that she and the nine children, including Myers, were title owners in fee simple absolute of an undivided one-half interest in the premises, that she and the children owned this one-half interest free and clear of the mortgage, and that the mortgage encumbered only the one-half interest in the premises owned by Myers. Thereafter, the plaintiff moved for summary judgment on the complaint. The MERS defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that the action against them was barred by the doctrine of res judicata. While Myers opposed the plaintiff's motion for summary judgment, he did not cross-move to dismiss the complaint insofar as asserted against him.

In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment and granted the MERS defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The court concluded that the causes of action against the MERS defendants in the instant action were barred by the doctrine of res judicata.

Contrary to the plaintiff's contention, the Supreme Court properly determined that the doctrine of res judicata precluded the plaintiff from asserting her current claims against the MERS defendants. " 'Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists

from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation' " (*Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007 [2012], quoting *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 642-643 [2012]; *Pondview Corp. v Blatt*, 95 AD3d 980, 980 [2012]; *Grant v Aurora Loan Servs.*, 88 AD3d 949, 949 [2011]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Hunter*, 4 NY3d at 269; *Grossman v New York Life Ins. Co.*, 90 AD3d 990, 991 [2011]). "The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality" (*Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d at 1007; *see Matter of Hunter*, 4 NY3d at 269; *Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). Indeed, "[t]he policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts" (*Matter of Reilly v Reid*, 45 NY2d at 28).

Here, the Supreme Court properly granted the MERS defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that it was barred by the doctrine of res judicata. The MERS defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff's claims against them arose from the same operative facts and concerned the same property as the claim she raised against the MERS defendants in the 2007 action, which was decided on the merits. Moreover, the MERS defendants demonstrated that all of the claims asserted against them in this action were raised or could have been raised in the 2007 action. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Grossman v New York Life Ins. Co.*, 90 AD3d at 991).

Furthermore, the plaintiff failed to establish, prima facie, that she is entitled to a declaration that she and the children, including Myers, are title owners of an undivided one-half interest in the premises (*cf. Donaldson v Spencer*, 39 AD3d 696

[2007]; *Myers v Bartholomew*, 233 AD2d 306 [1996], *affd* 91 NY2d 630 [1998]; *Kraker v Roll*, 100 AD2d 424, 429 [1984]). As the plaintiff failed to make a prima facie showing with respect to this declaration, the Supreme Court properly denied that branch of her motion for summary judgment, regardless of the sufficiency of Myers's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.