TAM Medical Supply Corp., as Assignee of Robles, Daniel, Appellant, 
against
Kemper Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Gullo & Associates, LLP (Cristina Carollo of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered April 14, 2017. The judgment, entered pursuant to an order of that court entered November 2, 2016 denying plaintiff's motion for summary judgment and granting defendant's cross motion to dismiss the complaint, dismissed the complaint.




ORDERED that the judgment is affirmed, with $25 costs. 
Plaintiff Tam Medical Supply Corp. (Tam) commenced this action to recover assigned first-party no-fault benefits for supplies provided to its assignor as a result of injuries sustained in a motor vehicle accident on August 29, 2012. Defendant insurer (Kemper) commenced a declaratory judgment action in the Supreme Court, Bronx County, against Tam and its assignor, among others, seeking a declaration that Kemper has no obligation to pay any pending or future claims for no-fault benefits arising from an accident on August 29, 2012, and Kemper moved for summary judgment. By order dated April 11, 2016, the Supreme Court granted Kemper's motion, finding that Kemper was not obligated to pay the claims pertaining to the August 29, 2012 accident. 
Thereafter, Tam moved in the Civil Court for summary judgment and Kemper cross-m[*2]oved in the Civil Court to dismiss the complaint on the ground that Tam's action is barred by virtue of the Supreme Court's order which granted summary judgment to Kemper. By order entered November 2, 2016, the Civil Court denied Tam's motion and granted Kemper's cross motion. Tam appeals from a judgment which was subsequently entered dismissing the complaint. 
By virtue of the findings of fact of the Supreme Court within its award granting summary judgment to Kemper, there was a conclusive determination of the merits of the claims in question (see Bayer v City of New York, 115 AD3d 897 [2014]; Panagiotou v Samaritan Vil., Inc., 88 AD3d 779 [2011]; Methal v City of New York, 50 AD3d 654 [2008]). Consequently, as Tam's action in the Civil Court is barred by the doctrine of res judicata (see Bayer, 115 AD3d at 899; Panagiotou, 88 AD3d 779; Methal, 50 AD3d at 656), the Civil Court properly granted defendant's cross motion and denied plaintiff's motion.
Accordingly, the judgment is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019