Noor v Mahmood (2020 NY Slip Op 01921)





Noor v Mahmood


2020 NY Slip Op 01921


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-11204
 (Index No. 517284/17)

[*1]Samiul Noor, etc., appellant, 
v
Khalid Mahmood, et al., respondents.


Jonathan Silver, Kew Gardens, NY, for appellant.
Perry Dean Freedman, Purchase, NY, for respondents.



DECISION & ORDER
In a shareholder derivative action, inter alia, to recover damages for breach of fiduciary duty and diversion of corporate assets, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 3, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In September 2017, the plaintiff commenced this shareholder derivative action against the defendant Coney Island Day Care Center, Inc., and its officers and directors, the defendants Khalid Mahmood and Asad Mahmood, alleging, inter alia, that they breached their fiduciary duty to him and other shareholders similarly situated when they diverted corporate assets for their own use. Following joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that the complaint was barred by the doctrine of res judicata. The Supreme Court granted the motion, and the plaintiff appeals.
The doctrine of res judicata bars the litigation of a claim if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially identical (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100; O'Connell v Corcoran, 1 NY3d 179, 184-185; Williams v City of Yonkers, 160 AD3d 1017, 1018-1019). "Because the claim asserted in a stockholder's derivative action is a claim belonging to and on behalf of the corporation, a judgment rendered in such an action brought on behalf of the corporation by one shareholder will generally be effective to preclude other actions predicated on the same wrong brought by other shareholders" (Parkoff v General Tel. & Elecs. Corp., 53 NY2d 412, 420; see Auerbach v Bennett, 47 NY2d 619, 627; Grika v McGraw, 161 AD3d 450, 451; Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d 665, 668).
Here, the defendants presented evidence that, in December 2015, another shareholder had commenced a derivative action against them based on the same alleged wrongs, and that, in an order dated May 17, 2018, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint in that action. An order granting a motion for summary judgment is made on the merits and has preclusive effect (see Collins v Bertram Yacht Corp., 42 NY2d 1033, 1034; Bayer v City of New York, 115 AD3d 897, 899; Methal v City of New York, 50 AD3d 654, 656). [*2]Additionally, the defendants demonstrated that the plaintiff's claims arose from the same operative facts as the claims raised in that action (see Parkoff v General Tel. & Elecs. Corp., 53 NY2d at 423). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata (see Core Cont. Constr., LLC v Luckyland [N.Y.], LLC, 162 AD3d 640, 641; Myers v Meyers, 121 AD3d 762, 765).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court