Genaro Partners, Inc. v Somwaru (2021 NY Slip Op 06989)





Genaro Partners, Inc. v Somwaru


2021 NY Slip Op 06989


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-08721
2018-08724
 (Index No. 515950/16)

[*1]Genaro Partners, Inc., respondent,
v
Jwalla Somwaru, appellant.


Warshaw Burstein, LLP, New York, NY (Pankaj Malik of counsel), for appellant.
The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated April 12, 2018, and (2) an order of the same court dated June 18, 2018. The order dated April 12, 2018, insofar as appealed from, denied those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency. The order dated June 18, 2018, insofar as appealed from, granted the plaintiff's motion for summary judgment on the cause of action for specific performance.
ORDERED that the order dated April 12, 2018, is reversed insofar as appealed from, on the law, those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency are granted, and so much of the order dated June 18, 2018, as denied those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency is vacated; and it is further,
ORDERED that the order dated June 18, 2018, is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the cause of action for specific performance is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In September 2016, the plaintiff commenced this action against the defendant seeking, inter alia, specific performance of a contract for sale of residential real property located in Brooklyn. The plaintiff alleged that it had entered into a contract with the defendant on November 18, 2013, to purchase the property. Pursuant to the contract, the parties agreed that the closing date was to occur on or before January 10, 2014.
The plaintiff moved for summary judgment on the cause of action for specific performance. The defendant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency, arguing that the dismissal of the complaint in a prior action commenced by the plaintiff in February 2014 seeking identical relief (hereinafter the prior action) required dismissal of the complaint in this action on the basis of res judicata. In the prior action, the Supreme Court, in an order dated September 8, 2016 (hereinafter [*2]the September 2016 order), denied the plaintiff's near-identical motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff acknowledged that it did not send the defendant a time-is-of-the-essence demand to close. Thereafter, in this action, the court issued an order dated April 12, 2018, denying the defendant's cross motion and an order dated June 18, 2018, granting the plaintiff's motion, denying the defendant's cross motion, and directing specific performance of the contract. The defendant appeals from both orders.
"'An order granting a summary judgment motion is on the merits and has preclusive effect'" (Cox v Hubbard, 115 AD3d 783, 785, quoting Methal v City of New York, 50 AD3d 654, 656). "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821; see Cox v Hubbard, 115 AD3d at 784). Where "[t]he parties, property, issues, facts, and relief sought in the [plaintiff's] previous application . . . are essentially identical," the commencement of a second action or proceeding "'simply to cure defects in the proof and to improve the quality thereof is not a distinction which precludes the application of res judicata'" (Matter of Falco v Town of Islip, 289 AD2d 490, 491, quoting Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals, 192 AD2d 839, 840).
Here, the Supreme Court should have denied the plaintiff's motion for summary judgment on the specific performance cause of action and granted those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency. The complaint is barred by res judicata because the causes of action in this action and the prior action originate from and seek the same relief pertaining to the same agreement, span the same time period, and involve identical participants (see e.g. Union St. Tower, LLC v Richmond, 84 AD3d 784, 786). The evidence that the plaintiff presented in support of its claims in this action predated the September 2016 order awarding summary judgment dismissing the complaint in the prior action, was available at the time of the prior action, and could have been submitted in the prior action (see UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 474-475; Matter of Falco v Town of Islip, 289 AD2d at 490-491).
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the specific performance cause of action and granted those branches of the defendant's cross motion which were, in effect, for summary judgment dismissing the complaint and to discharge and cancel the notice of pendency.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court