Wymara Ltd. v Gansevoort Hotel Group, LLC (2025 NY Slip Op 06220)

Wymara Ltd. v Gansevoort Hotel Group, LLC

2025 NY Slip Op 06220

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07931
 (Index No. 620264/23)

[*1]Wymara Ltd., et al., appellants,
v
Gansevoort Hotel Group, LLC, respondent.

Brewer, Attorneys & Counselors, New York, NY (William A. Brewer III, Jason Snyder, and Alassandra C. Olsewski of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Michael J. Antongiovanni and Samuel Wesley, pro hac vice, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for unfair competition, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered May 15, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In October 2018, the plaintiffs commenced an action (hereinafter the prior action) against the defendant, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing and fraudulent inducement and for declaratory relief related to contracts the parties had entered into regarding the plaintiffs' use of the defendant's name on their resort located in Turks and Caicos. Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint and separately moved for summary judgment dismissing the complaint. As a result of the Supreme Court's determinations of those two motions, the court, in effect, directed dismissal of all the causes of action against the defendant.
In December 2023, the plaintiffs commenced the instant action against the defendant to recover damages for unfair competition. The plaintiffs alleged, among other things, that the defendant had misappropriated the plaintiffs' internet domain and infringed on their trademark. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the action was barred by the doctrine of res judicata. The Supreme Court granted the motion. The plaintiffs appeal.
"Res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (Heller v NYC Sch. Support Servs., Inc., 237 AD3d 674, 676 [alterations and internal quotation marks omitted]). Thus, res judicata "operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding" (Pedote v STP Assoc., LLC, [*2]124 AD3d 856, 857 [internal quotation marks omitted]; see O'Brien v City of Syracuse, 54 NY2d 353, 357). "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations" (Heller v NYC Sch. Support Servs., Inc., 237 AD3d at 676 [internal quotation marks omitted]).
"For the doctrine of res judicata to be applied, there must have been, in the prior proceeding, a final judgment on the merits" (Bayer v City of New York, 115 AD3d 897, 899). "An order granting a summary judgment motion is on the merits and has preclusive effect" (id. [internal quotation marks omitted]).
"The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality" (Myers v Meyers, 121 AD3d 762, 765 [internal quotation marks omitted]). "Indeed, the policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts" (id. [alterations and internal quotation marks omitted]).
Here, the Supreme Court correctly applied the doctrine of res judicata in determining that the instant action was precluded by a final judgment on the merits in the prior action. Under the circumstances, the court's determination in the prior action, set forth in an October 2020 order, granting the defendant's motion for summary judgment and, in effect, directing dismissal of the complaint, constituted a final judgment on the merits for purposes of res judicata (see Genaro Partners, Inc. v Somwaru, 200 AD3d 858, 859; Myers v Meyers, 121 AD3d at 765; see also 5512 OEAAJB Corp. v Hamilton Ins. Co., 189 AD3d 1136, 1139). Although certain allegations asserted in the complaint in the instant action related to events that had not yet occurred when the prior action was commenced, res judicata nonetheless applies and precludes the plaintiffs' related claims because the plaintiffs could have moved to amend the complaint in the prior action before the court, in effect, directed dismissal of the complaint, but failed to do so (see Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 960; Kinsman v Turetsky, 21 AD3d 1246, 1247; see also Smith v Russell Sage Coll., 54 NY2d 185, 193-194). Notably, in the complaint in the instant action, the plaintiffs alleged that the defendant refused to transfer back the subject internet domain as early as October 30, 2018, necessitating the plaintiffs' creation of a new website. Moreover, the allegations in both the prior action and the instant action arise out of the same transaction or series of transactions, namely, what is styled in both pleadings as the parties' "Resort Agreement."
Accordingly, the Supreme Court did not err in granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint (see Brody v RBC Mtge. Co., 215 AD3d 724, 726; Myers v Meyers, 121 AD3d at 765).
In light of the foregoing, we need not reach the defendant's remaining contention.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court