Bartley v Morgan (2025 NY Slip Op 06590)

Bartley v Morgan

2025 NY Slip Op 06590

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-12065
 (Index No. 533104/22)

[*1]Carol Bartley, appellant, 
v
Winston Morgan, respondent.

Claude C. Ramsey III, Bay Shore, NY, for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel; Eric Russo on the brief), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 9, 2023. The order denied the plaintiff's motion for summary judgment declaring that she is the owner of the subject property by adverse possession and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Carol Bartley and Winston Morgan are siblings who purchased certain real property as tenants in common. In February 2019, Morgan commenced an action for the partition and sale of the property and for an accounting of all rental income Bartley collected from the property (hereinafter the prior action). Bartley's defense was that the property is not jointly owned since there was never any mention of an equal partnership or any partnership being formed and Morgan made no contribution to the care and maintenance of the property. Morgan moved for summary judgment on the complaint. In an order dated November 4, 2021, as amended by an amended order dated December 10, 2021, the Supreme Court granted Morgan's motion to the extent of directing that a referee be appointed, inter alia, to conduct a hearing to determine the right, share, and interest of each party in the property and to determine whether "a sale is necessary because a partition cannot be made without prejudice to the parties."
On November 24, 2021, Bartley moved for leave to amend her answer to assert an affirmative defense and a counterclaim alleging adverse possession pursuant to RPAPL 541. In an order dated August 19, 2022, the Supreme Court denied the motion, finding that it was untimely. Bartley appealed from that order but failed to perfect her appeal, which was deemed dismissed.
In November 2022, Bartley commenced this action for a judgment declaring that she is the owner of the property by adverse possession. Thereafter, she moved for summary judgment declaring that she is the owner of the property by adverse possession. Morgan cross-moved for summary judgment dismissing the complaint as barred by the doctrine of res judicata. In an order dated November 9, 2023, the Supreme Court denied Bartley's motion and granted Morgan's cross-motion. Bartley appeals.
"'An order granting a summary judgment motion is on the merits and has preclusive effect'" (Genaro Partners, Inc. v Somwaru, 200 AD3d 858, 860 [internal quotation marks omitted], quoting Cox v Hubbard, 115 AD3d 783, 785). "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (id. [internal quotation marks omitted]). "Furthermore, under New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (Panagiotou v Samaritan Vil., Inc., 88 AD3d 779, 780 [internal quotation marks omitted]). New York does not "permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action" (Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 462 n 2). Here, this action is barred by the doctrine of res judicata, since a judgment in favor of Bartley would impair the rights or interests established in the prior action (see id.; Piscionere v Gori, ___ AD3d ___, ___, 2025 NY Slip Op 05710, *2). Since Bartley failed to timely assert a defense of adverse possession in the prior action, although she could have done so had she acted in a timely manner, this claim is now barred (see O'Brien v City of Syracuse, 54 NY2d 353, 357; Myers v Meyers, 121 AD3d 762, 765). By commencing this action, Bartley impermissibly sought collateral review of the determination awarding summary judgment for partition in the prior action.
Accordingly, the Supreme Court properly denied Bartley's motion for summary judgment declaring that she is the owner of the property by adverse possession and properly granted Morgan's cross-motion for summary judgment dismissing the complaint (see Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1007-1008).
BARROS, J.P., BRATHWAITE NELSON and VENTURA, JJ., concur.
TAYLOR, J., concurs in part and dissents in part, and votes to modify the order, on the law, by deleting the provision thereof granting the defendant's cross-motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross-motion, and, as so modified, to affirm the order, with the following memorandum:
In February 2019, Winston Morgan commenced an action against his sister Carol Bartley, inter alia, for the partition and sale of certain real property located in Brooklyn (hereinafter the partition action). The parties do not dispute that the property was conveyed to them as tenants in common by deed dated March 12, 1993, and that Morgan contributed the sum of $23,500 toward the purchase price of $235,000. Thereafter, Bartley moved into the property, paid off the mortgage, and has continued to live there for more than 30 years.
In the partition action, Morgan moved for summary judgment on the complaint. In an order dated November 4, 2021, as amended by an amended order dated December 10, 2021, the Supreme Court granted the motion "to the extent that a court-attorney referee be appointed to conduct a hearing to determine the right, share, and interest of each party in the subject real property giving rise to this action as provided by RPAPL § 915." Bartley appealed from the amended order dated December 10, 2021, and her appeal was thereafter deemed dismissed for failure to timely perfect.
Meanwhile, Bartley moved for leave to amend her answer to assert an affirmative defense and a counterclaim based on adverse possession pursuant to RPAPL 541. In an order dated August 19, 2022, the Supreme Court denied Bartley's motion as untimely. Bartley appealed from that order, and her appeal was also thereafter deemed dismissed for failure to timely perfect.
Following the denial of her motion for leave to amend her answer, Bartley commenced this action for a judgment declaring that she is the sole fee owner of the property by [*2]adverse possession. Thereafter, Bartley moved for summary judgment declaring that she is the owner of the property by adverse possession, and Morgan cross-moved for summary judgment dismissing the complaint based on res judicata. In an order dated November 9, 2023, the Supreme Court denied Bartley's motion and granted Morgan's cross-motion. Bartley appeals.
"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh, 202 AD3d 956, 958 [internal quotation marks omitted]). The rule only applies where there has been "a final determination on the merits" (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [emphasis added]; see Manko v Gabay, 175 AD3d 484, 485). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh, 202 AD3d at 958 [internal quotation marks omitted]; see Myers v Meyers, 121 AD3d 762, 765; Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 119 AD3d 789, 791-792). "The rationale for the doctrine is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again; allowing relitigation would undermine the interest of the community and the litigants in finality" (Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1007).
Here, the Supreme Court erred in granting Morgan's cross-motion for summary judgment dismissing the complaint based on res judicata. The partition action had not reached a final determination on the merits sufficient for the application of res judicata. To this end, importantly, "before a partition or sale may be directed, a determination must be made as to the rights, shares, or interests of the parties, and whether partition may be had without great prejudice" (Clarke v Clarke, 227 AD3d 659, 661). Furthermore, "[s]uch determinations must be included in the interlocutory judgment contemplated by RPAPL 915, along with either a direction to sell at public auction or a direction to physically partition the premises" (id.).
When Bartley commenced this action, no determination had been made in the partition action with respect to the rights, shares, or interests of the parties in the property, and neither the statutorily mandated interlocutory judgment (see RPAPL 915) nor final judgment (see id. § 927) had been rendered by the Supreme Court (see Clarke v Clarke, 227 AD3d at 661). Moreover, the Court of Appeals has held that "an interlocutory judgment . . . is never res adjudicata" (Brown v Cleveland Trust Co., 233 NY 399, 405 [emphasis added]; cf. Morley v Quinones, 208 AD2d 813, 814). This begs the question: if an interlocutory judgment, which is not res judicata, was required even before a final determination of the partition action, and an interlocutory judgment had not yet been rendered, how then could the Supreme Court's amended order merely awarding partial summary judgment "to the extent that a court-attorney referee be appointed to conduct a hearing to determine the right, share, and interest of each party in the subject real property giving rise to this action as provided by RPAPL § 915" be entitled to res judicata effect?
It is submitted that the reliance of my colleagues in the majority on the proposition that an order granting a motion for summary judgment is on the merits and has preclusive effect, while technically accurate, is misplaced. The cases relied upon by my colleagues in the majority are distinguishable. Each of the cases involved prior actions resolved on the merits by way of an order granting a motion for summary judgment "dismissing the complaint" (Genaro Partners, Inc. v Somwaru, 200 AD3d 858, 859; see Myers v Meyers, 121 AD3d 762, 763-764; Cox v Hubbard, 115 AD3d 783, 784; Panagiotou v Samaritan Vil., Inc., 88 AD3d 779, 779). Accordingly, when the plaintiffs in those cases attempted to revive claims that were raised or could have been raised in the dismissed litigation, those claims were determined by this Court to be precluded by the doctrine of res judicata (see Genaro Partners, Inc. v Somwaru, 200 AD3d at 860; Myers v Meyers, 121 AD3d at 765; Cox v Hubbard, 115 AD3d at 785; Panagiotou v Samaritan Vil., Inc., 88 AD3d at 780).
Here, by contrast, Morgan's motion for summary judgment in the partition action did not result in a final determination, but merely resulted in the appointment of a referee to determine the rights, shares, or interests of the parties, as was required by statute (see RPAPL 911; Clarke v [*3]Clarke, 227 AD3d at 661; Wardally v Wardally, 186 AD3d 531, 532). Applying the doctrine of res judicata under this seemingly unprecedented circumstance has the potential to lead to an absurd result for Bartley: "The right to partition is not absolute" and "is always subject to the equities between the parties" (Clarke v Clarke, 227 AD3d at 661, citing Goldberger v Rudnicki, 94 AD3d 1048, 1050; see Ripp v Ripp, 38 AD2d 65, 68, affd 32 NY2d 755). Thus, where appropriate, after determining the rights, shares, or interests of the parties in the property, a court may properly conclude that "the equities favor dismissal of the . . . partition action" and direct such a dismissal (Stressler v Stressler, 193 AD2d 728, 728). An equitable dismissal remains possible for Bartley in the partition action, particularly given that Bartley has averred, inter alia, that Morgan paid only 10% of the purchase price of the property, approximately half of which Bartley repaid to him, and that Morgan never lived at the property or contributed to the mortgage or upkeep of the property for more than 30 years. Thus, despite the fact that the partition action may end in a dismissal in Bartley's favor based on the equities, this Court has nonetheless determined that the issue of adverse possession is permanently barred by the doctrine of res judicata, without any merits-based determination of that issue.
Under the circumstances, the application of res judicata by my colleagues in the majority, which I submit is misplaced, "has the potential to work considerable injustice" to Bartley and her ability to stay in her home of more than 30 years (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d at 14).
Nevertheless, I would hold that the Supreme Court did not err in denying Bartley's motion for summary judgment declaring that she is the owner of the property by adverse possession. Despite a strong showing on the other elements of adverse possession, Bartley failed to eliminate all triable issues of fact as to whether she had a reasonable basis for her belief that the property belonged to her alone during the relevant period (see Buckheit v Aiken, 232 AD3d 842, 844).
For the reasons set forth above, I respectfully dissent in part.
ENTER:
Darrell M. Joseph
Clerk of the Court