■ JOHN J. GEBBIA et al., Appellants, v TORONTO-DOMINION BANK et al., Respondents. [762 NYS2d 38] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 24, 2002, which granted defendants' motion to dismiss the complaint for failure to state a cause of action and denied plaintiffs' cross motion for an extension of time to serve defendant Toronto-Dominion Bank (TD Bank) with the summons and complaint, unanimously modified, on the law, to deny defendants' motion with respect to plaintiffs' cause of action for breach of the written retention agreements and to reinstate that cause, and, on the law, the facts and in the exercise of discretion, to grant plaintiffs' cross motion, and otherwise affirmed, without costs.

The retention agreements relied upon by plaintiffs, although ambiguous, may be reasonably construed to obligate defendants to pay the Gebbia sons and James Antosh their salaries and the management bonus pool payments for three years. Accordingly, dismissal, pursuant to CPLR 3211 (a) (7), of plaintiffs' cause for breach of such an obligation was not warranted (*see TSR Consulting Servs. v Steinhouse*, 267 AD2d 25 [1999]).

Plaintiffs' remaining claims were, however, properly dismissed. Their claims for breach of an oral employment agreement and fraud lack merit in light of the integration clauses in the written agreements (*see Benjamin Goldstein Prods. v Fish*, 198 AD2d 137 [1993]; *Thayer v Dial Indus. Sales*, 85 F Supp 2d 263, 272-273 [2000]). In light of those integration clauses, plaintiffs can make no tenable claim that they reasonably relied upon the representations alleged in support of their estoppel cause of action (*see id.*). Plaintiffs' estoppel claim is additionally untenable in light of the written purchase and retention agreements governing its subject matter (*see James v Western N.Y. Computing Sys.*, 273 AD2d 853, 855 [2000]). Also properly dismissed were plaintiffs' claims for an accounting since there was no allegation of the sort of underlying relationship upon which the right to an accounting is conditioned (*see Reichert v N. MacFarland Bldrs.*, 85 AD2d 767 [1981]), and to recover for intentional interference with prospective economic advantage since there was no sufficient allegation that a contract would have been entered into between plaintiff John J. Gebbia and another firm but for defendants' interference (*see Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222 [1988]).

Inasmuch as plaintiffs have stated a claim for breach of contract, and in light of their documented efforts to serve TD Bank, the minimal delay, and the timely notice to TD Bank of the complaint, plaintiffs' motion for an additional 18 days to serve TD Bank should have been granted (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). The additional time should run from service of a copy of this order, with notice of entry, upon plaintiffs. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and Marlow, JJ.