■ ISRAEL GROSSMAN et al., Appellants, v NEW YORK LIFE INSURANCE COMPANY, Respondent. (And a Third-Party Action.) [935 NYS2d 643]—

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Israel Grossman (hereinafter Grossman) on the ground that it was barred by the doctrine of res judicata. "[U]nder the transactional approach adopted by New York in res judicata jurisprudence, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5 [2000], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The defendant demonstrated its prima facie entitlement to judgment as a matter of law against Grossman by presenting evidence that the claims asserted by him in the instant action were barred by a prior final determination by an arbitration panel, which adjudicated claims arising out of the same transaction or series of transactions as the claims he asserts herein. In opposition, Grossman failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Raphael Grossman. The cause of action alleging a breach of an oral and implied contract is barred by the integration clauses in his written contracts with the defendant (*see Gebbia v Toronto-Dominion Bank*, 306 AD2d 37, 38 [2003]), and the existence of valid and enforceable written contracts precludes recovery

under the causes of action sounding in promissory estoppel and unjust enrichment, which arise out of the same subject matter (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]; *Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 758-759 [2009]; *Stark v City of New York*, 31 AD3d 530, 531 [2006]; *Shah v Micro Connections*, 286 AD2d 433, 433-434 [2001]).

That branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's motion for summary judgment was properly denied, since the new facts offered on the motion would not have changed the prior determination (*see* CPLR 2221 [e] [2], [3]).

The Supreme Court providently exercised its discretion in imposing a sanction against Grossman (*see* 22 NYCRR 130-1.1 [a], [c]).

We decline the defendant's request for the imposition of sanctions against the plaintiffs, and the plaintiffs' request for the imposition of sanctions against the defendant, based upon allegedly frivolous conduct on this appeal (*see* 22 NYCRR 130-1.1 [a], [c]; *Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]).

The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.