Core Cont. Constr., LLC v Luckyland (N.Y.), LLC (2018 NY Slip Op 03963)





Core Cont. Constr., LLC v Luckyland (N.Y.), LLC


2018 NY Slip Op 03963


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-10784
 (Index No. 509533/14)

[*1]Core Continental Construction, LLC, appellant,
v
Luckyland (N.Y.), LLC, respondent.


Kevin Kerveng Tung, P.C., Flushing, NY, for appellant.
Law Offices of Mary T. Dempsey, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated September 1, 2015. The amended order, insofar appealed from, granted the defendant's converted motion for summary judgment dismissing the complaint.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The parties entered into a construction contract dated April 24, 2008. In 2010, the plaintiff commenced an action against, among others, the defendant to foreclose a mechanic's lien, and to recover damages for breach of the construction contract and unjust enrichment. The defendant interposed various affirmative defenses and counterclaims. Following a nonjury trial, the Supreme Court issued a judgment entered November 8, 2013, in favor of the defendant on the plaintiff's causes of action, and in favor of the plaintiff on the defendant's counterclaims.
Approximately one year after judgment was entered in the prior action, the plaintiff commenced this action against the defendant asserting causes of action related to the same construction contract, sounding in breach of contract and quantum meruit and alleging injury to reputation. After issue was joined, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata. The Supreme Court, inter alia, converted the defendant's motion to dismiss to a motion for summary judgment and granted the converted motion. The plaintiff appeals.
We agree with the Supreme Court's determination to grant the defendant's converted motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata. "[U]nder the transactional approach adopted by New York in res judicata jurisprudence, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Grossman v New York Life Ins. Co., 90 AD3d 990, 991 [internal quotation marks omitted]). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by presenting evidence that the claims asserted in this action were barred by the prior [*2]judgment. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the claims asserted in this action were litigated or could have been litigated in the prior action and, therefore, are foreclosed by the doctrine of res judicata (see Matter of Hunter, 4 NY3d 260, 269).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court