Bennett v State Farm Fire & Cas. Co. (2020 NY Slip Op 01900)





Bennett v State Farm Fire & Cas. Co.


2020 NY Slip Op 01900


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-11066
 (Index No. 10385/13)

[*1]Richard Bennett, et al., appellants, 
v
State Farm Fire and Casualty Company, respondent, et al., defendants (and other actions).


Edward J. Boyle, Manhasset, NY, for appellants.
Rivkin Radler LLP, Uniondale, NY (Henry M. Mascia, Cheryl F. Korman, Michael A. Troisi, and Sean McAloon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for promissory estoppel, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated July 6, 2018. The order granted that branch of the motion of the defendant State Farm Fire and Casualty Company which was for summary judgment dismissing the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
This action arises from an oil contamination incident that occurred at the plaintiffs' property in May 2011. At the time of the incident, the plaintiffs had a homeowner's insurance policy with the defendant State Fire Farm and Casualty Company (hereinafter State Farm). State Farm provided coverage for the incident pursuant to a third-party liability provision in the policy, to the extent of remediating the property as directed by the New York State Department of Environmental Conservation (hereinafter the DEC), as a third-party claimant. State Farm, inter alia, retained an environmental engineering firm and paid a contractor engaged by the plaintiffs to perform the remediation work. In December 2011, the DEC issued a determination that "the cleanup of contaminated soils, consistent with DEC policy and procedures, [had] been achieved at the site and no further remedial activities [were] necessary."
Subsequently, the plaintiffs commenced this action against State Farm, among others. The sole remaining cause of action asserted against State Farm in the second amended complaint, sounding in promissory estoppel, alleged, inter alia, that State Farm had failed to fulfill a promise it had made to the plaintiffs to pay to remediate certain areas of the subject property to a more stringent remedial standard than that imposed by the DEC. State Farm moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted that branch of State Farm's motion, and the plaintiffs appeal.
The existence of a valid and enforceable contract governing a particular subject matter precludes recovery under a promissory estoppel cause of action arising out of the same subject matter (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814; Susman v Commerzbank Capital Mkts. Corp., 95 AD3d 589, 590; Grossman v New York Life Ins. Co., 90 AD3d 990, 991-992). Here, State Farm demonstrated its prima facie entitlement to judgment as a matter of law dismissing the promissory estoppel cause of action by demonstrating that there was a valid and enforceable contract, namely, the homeowner's insurance policy, covering the scope of the dispute between the parties regarding State Farm's obligation to pay to remediate the property. The existence of the policy precluded recovery under the cause of action sounding in promissory estoppel (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d at 814; Grossman v New York Life Ins. Co., 90 AD3d at 991-992; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiffs' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination granting that branch of State Farm's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court