Liberty Maintenance, Inc. v Alliant Ins. Servs., Inc. (2024 NY Slip Op 04871)

Liberty Maintenance, Inc. v Alliant Ins. Servs., Inc.

2024 NY Slip Op 04871

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

611 CA 23-01982

[*1]LIBERTY MAINTENANCE, INC., PLAINTIFF-RESPONDENT,
v
ALLIANT INSURANCE SERVICES, INC., DEFENDANT-APPELLANT. 

GORDON & REES, LLP, WALNUT CREEK, CALIFORNIA (DON WILLENBURG, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (DEBORAH A. SUMMERS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 27, 2023. The order denied the motion of defendant to dismiss plaintiff's second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the fifth cause of action and as modified the order is affirmed without costs.
Memorandum: In this action to recover damages for, inter alia, defendant's alleged breach of its brokerage services agreement (agreement) with plaintiff, defendant appeals from an order denying its motion to dismiss plaintiff's second amended complaint pursuant to CPLR 3211 (a) (1) and (7).
We agree with defendant that Supreme Court erred in denying the motion insofar as it sought dismissal of the fifth cause of action, for promissory estoppel, pursuant to CPLR 3211 (a) (1), and we therefore modify the order accordingly. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; see Grossman v New York Life Ins. Co., 90 AD3d 990, 991-992 [2d Dept 2011], lv dismissed 19 NY3d 991 [2012], rearg denied 20 NY3d 965 [2012]). Here, defendant established not only that the parties had a contract, i.e., the brokerage services agreement, but also that the agreement included an integration clause prohibiting modification of the agreement except by written amendment. We conclude that plaintiff has "no tenable claim that [it] reasonably relied upon [defendant's alleged oral or implied promise] in support of [its promissory] estoppel cause of action" (Gebbia v Toronto-Dominion Bank, 306 AD2d 37, 38 [1st Dept 2003]; see IBT Media Inc. v Pragad, 220 AD3d 530, 532 [1st Dept 2023]). We otherwise affirm for reasons stated in the decision at Supreme Court.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court