| |
|---|
| **Kasselakis v Tiptree, Inc.** |
| 2025 NY Slip Op 31815(U) |
| May 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653395/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

STEFANOS KASSELAKIS,

Plaintiff,

- v -

TIPTREE, INC., TIPTREE ASSET MANAGEMENT
COMPANY LLC, TIPTREE OPERATING COMPANY LLC,
TIPTREE MARINE LLC, and TIPTREE MARINE FLORIDA
LLC,

Defendants.

--------------------------------------------------------------------------------X

| INDEX NO. | 653395/2024 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 20, 21, 22, 23

were read on this motion to/for                    DISMISS                    .

Defendants Tiptree Inc., Tiptree Asset Management Company, Tiptree Operating

Company, LLC, Tiptree Marine LLC, and Tiptree Marine Florida LLC move pursuant to

CPLR 3211(a)(1) and (7) to dismiss plaintiff Stefanos Kasselakis' complaint in its

entirety.

This action concerns the purchase, operation, and sale of various shipping

vessels and defendants' investment of $35 million in plaintiffs' plan.  (NYSCEF Doc. No.

[NYSCEF] 1, Complaint ¶¶4-7.)

Plaintiff asserts five[1] causes of action against all defendants: (1) breach of

contract; (2) unjust enrichment; (4) promissory estoppel; (5) violation of Labor Law §193

for illegal deductions; and (6) violation of Labor Law §215 for retaliation.

---

[1] Plaintiff withdrew the third cause of action for breach of the implied covenant of good faith and fair dealing.  (NYSCEF 20, MOL at 26/35.)

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No.  001**

**Page 1 of 12**

[* 1]

Pursuant to CPLR 3211(a)(1), a party "may move for judgment dismissing one or more causes of action against him on the ground that … a defense is founded upon documentary evidence." (CPLR 3211[a][1].) Defendants have the burden to show that "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 571 [2005] [internal quotation marks and citation omitted].) "A paper will qualify as 'documentary evidence' only if it satisfies the following criteria: (1) it is 'unambiguous'; (2) it is of 'undisputed authenticity'; and (3) its contents are 'essentially undeniable.'" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] [citation omitted].) "On a motion to dismiss, the Court may consider documents referenced in a complaint, even if the pleading fails to attach them." (*Alliance Network, LLC v Sidley Austin LLP*, 43 Misc 3d 848, 952 n 1 [Sup Ct, NY County 2014] [citation omitted].)

In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the court liberally construes the complaint, accepts the alleged facts as true, and accords plaintiff "the benefit of every possible favorable inference." (*Leon v Martinez*, 84 NY2d 83, 87 [1994].) The motion "must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal quotation marks and citations omitted].) "Whether a plaintiff can ultimately establish [her] allegations is not part of the calculus in determining a motion to dismiss." (*EBC 1, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005].) Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 *unless* they establish

653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL
Motion No.  001

Page 2 of 12

conclusively that [plaintiff] has no [claim or] cause of action." (*Lawrence v Graubard Miller,* 11 NY3d 588, 595 [2008] [internal quotation marks and citation omitted].)

Plaintiff seeks compensation under the employment agreement: base salary, annual cash bonuses keyed to defendants' pretax profits, Class A and B-1 units of defendants' equity, and other incentives. (NYSCEF 2, Complaint ¶¶196-197.)

**Breach of Contract: Class A Units (1ˢᵗ)**

Defendants seek to dismiss the first cause of action for breach of §2(d) ("Executive shall be eligible to receive such other incentive compensation during the Term as determined by Employer in consultation with the Board") of the employment agreement for failure to award plaintiff Class A units. (NYSCEF 2, Employment Agreement §2[d].) Defendants' motion is granted based on the Restated 2018 Equity Incentive Plan (Plan) which contains a forum selection provision designating Delaware for disputes. (NYSCEF 18, Restated 2018 Equity Incentive Plan §19.)

Contrary to plaintiff's argument, the Plan is the operative agreement not the employment agreement which simply states that plaintiff is "eligible to receive such other incentive compensation," while the Plan contains the specifics and logistics. (NYSCEF 2, Employment Agreement §2[d].) Likewise, the court rejects plaintiff's contention that the Plan and employment agreement should be construed together with the New York forum selection superseding the Delaware forum selection; there is no express incorporation. (*CooperVision, Inc. v Intek Integration Tech., Inc.*, 7 Misc 3d 592 [Sup Ct, Monroe County 2005] ["The absence of any express incorporation by reference, coupled with the choice of an 'order of preference' clause, ... means that the drafter ... intended that each agreement have and maintain its own identity ...." (citations

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No. 001**

**Page 3 of 12**

3 of 12

[* 3]

omitted)].)  It is also clear from the face of the document that the Plan governs plaintiff's claim for Class A units, while the employment agreement is vague.  (See *Rodriguez v New York Bariatric Group, LLC*, 2024 WL 1400305, *9-10, 2024 US Dist LEXIS 46519, *25-33 [ED NY, Mar. 14, 2024, No. 22-CV-5400 (JMA) (ST)] [to determine which forum selection clause to apply in a case involving two agreements applying and analyzing contract interpretation under New York law], *report and recommendation adopted* 2024 WL 1347525, 2024 US Dist LEXIS 57798 [ED NY, Mar. 29, 2024, No. 22-CV-5400 (JMA) (ST)].)  There is no dispute about whether plaintiff is eligible for such compensation which is the only issue addressed in the employment agreement. Further, while the Plan is unsigned, plaintiff agreed to be bound by the Plan when he received a prior Class A unit awards.  (NYSCEF 23, Tiptree Marine LLC 2018 Equity Incentive Plan Class A Incentive Unit Award Agreement, dated July 1, 2019, §16[A] [plaintiff "has read the [Incentive Plan] and the LLC Agreement and … [agrees] to be bound by all of the provisions set forth herein and that the Class A Incentive Units subject to this Award are subject to all of the terms and provisions of this [Award] Agreement, the [Incentive Plan] and the LLC Agreement"].)

**Breach of Contract: Salary Increases (1st)**

Next, plaintiff alleges breach of §2(a) of the employment agreement because defendants agreed to raise plaintiff's salary but refused to pay it.  Section 2(a) provides:

> "The Board of Managers of the Company (the Board') shall annually review Executive's performance considering such factors as the Board deems relevant, and shall consider, in its sole discretion, whether to recommend to Employer an increase in the Base Salary payable hereunder."  (NYSCEF 2, Employment Agreement §2[a].)

653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL
Motion No.  001

Page 4 of 12

4 of 12

Plaintiff relies on the minutes of a Tiptree Marine LLC Board meeting to evidence that defendants recommended an increase. "[Defendants] ha[ve] approved a raise beginning in 2023 but have refused to pay it since." (NYSCEF 1, Complaint ¶12; *see id.* ¶111.) Specifically, plaintiff alleges that "[defendants] agreed to raise Mr. Kasselakis' base salary for 2023 to $390,000 from $350,000 pursuant to Paragraph 2(a) of the Employment Agreement." (*Id.* ¶110.) Defendants' reliance on the "magic word" "discretion" does not defeat plaintiff's argument that defendants failed to fund the raise. (*See Canet v Travelstead*, 917 F Supp 969, 986 [ED NY 1996] ["Here, although [employer] had the discretion to determine the *amount* of the bonus, a bonus was part of his employment contract with [employee]. [Employee] was entitled to receive payment of his bonus once [employer] had determined the amount"].) Defendants challenge whether the Board minutes bind defendants. This is not something the court can determine on a motion to dismiss. (*See Schiff v ZM Equity Partners, LLC*, 2020 WL 5077712, *6-7, 2020 US Dist LEXIS 155916, *13-18 [SD NY, Aug. 27, 2020, No. 19-CV-4735] [applying New York law and denying employer's motion to dismiss breach of contract claim over unpaid discretionary compensation because of ambiguity of term "[a]ll computations and determinations in respect of compensation (including incentive compensation) shall be in [employer]'s sole discretion" and whether employer's discretion to determine the size of the pot included the amount due to plaintiff where the contract stated that plaintiff was entitled to receive 20% of the pot].) Even if the board minutes reflect an increase, defendants insist they can change their minds at any time. The employment agreement is silent on whether the employer is required to follow the

653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL
Motion No.  001

Page 5 of 12

5 of 12

Board's recommendation as reflected in the minutes.  Therefore, defendants' motion is denied as issues of fact in need of discovery abound.

**Breach of Contract: Cash Bonuses (1st)**

Plaintiff alleges that he was not paid a cash bonus after the bonus was due for 2021 and that he was partially paid in 2022.  As to 2021, plaintiff asserts that he was entitled to a bonus of $900,000 or 8% of defendants' pretax income for 2021 as stated in the chart.  (NYSCEF 1, Complaint ¶¶ 120, 123.)  However, the parties agreed to temporarily adjust the pretax net income pending the Silver Leaf Partners litigation until the litigation resolved; plaintiff would receive the balance upon a favorable result.  (*Id.* ¶124.)  Plaintiff alleges that the litigation resolved favorably on March 16, 2023, but defendant has yet to pay plaintiff.  (*Id.* ¶125.)  As to 2022, plaintiff demands the balance on a bonus of $3.6 million or 7% of defendants' pretax income for that year.  (*Id.* ¶128.)  The bonus was due in March 2023 and defendants later paid plaintiff $2.5 million of the 2022 bonus.  (*Id.* ¶129.)

Section 2(b) provides:

"Executive shall participate in and be eligible to receive an annual bonus under the Company's Annual Management Bonus Plan, as in effect from time to time (the 'Bonus Plan') with respect to each calendar year during the Term in an amount determined by the Board (the 'Bonus'). Executive will not be subject to vesting requirements to receive the annual bonus other than the obligation to remain employed with the Company through the end of the applicable performance year (except as provided in Section 7(d)(A)(ii))."  (NYSCEF 2, Employment Agreement §2[b].)

The provisions of the Bonus Plan relevant here include ¶3 which defines the scope of defendants' discretion to decide the bonus and states:

"The Administrator has discretionary authority, subject only to the express provisions of the Plan and the Award Agreements, to interpret the Plan; determine the Company's pre-tax income for a given Plan year; determine

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No.  001**

**Page 6 of 12**

6 of 12

[* 6]

eligibility for and grant Awards … and otherwise do all things necessary to carry out the purposes of the Plan. []." (NYSCEF 17, Bonus Plan ¶3.)

Paragraph 5 contains the formula and a chart of dates and percentages. It states:

"The total size of the annual bonus pool under the Plan, expressed as a percentage of the Company's pre-tax income (subject to adjustment as agreed by the Administrator and the Company's Chief Executive Officer) for such Plan year (the 'Bonus Pool'), shall be as follows, unless otherwise determined by the Administrator: [table with formula for bonus]." (*Id.* ¶5.)

Paragraph 11 obligates defendants to pay the award within 2.5 months after the end of the fiscal year. (*Id.* ¶11.)

Paragraph 12, regarding changes to the Bonus Plan, states that defendant "may at any time or times amend the Plan and any Award for any purpose []." (*Id.* ¶12.)

Paragraph 15 provides that the Bonus Plan "and Award Agreements constitute the entire agreement []." (*Id.* ¶15.)

Plaintiff alleges that he was eligible to participate in the Bonus Plan that was in effect in 2021 and 2022 and that defendants did not amend it as of the due date. (NYSCEF 1, Complaint ¶¶116-139, 146-147.)

Defendants assert that there can be no breach because they had absolute discretion. Defendants insist that failure to pay plaintiff bonusses in 2021 and 2022 was not a breach of contract because plaintiff: "(1) was never guaranteed any specific bonus amount under the Bonus Plan, (2) Defendants had complete discretion whether to award him a bonus at all and in what amount, and (3) Defendants had discretion to adjust that amount even after granting Plaintiff a bonus." (NYSCEF 21, MOL at 12/23.) Defendants also assert that they were not required to award the entire pool.

653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL
Motion No. 001

Page 7 of 12

The employment agreement provides both that plaintiff "shall participate" and he is "eligible to receive an annual bonus" under the Bonus Plan. (NYSCEF 2, Employment Agreement §2[b].) There is no dispute that plaintiff was eligible for a bonus under §2(b). Since both terms must be given meaning, plaintiff had a right to participate. Defendants offer no alternate interpretation, instead focusing on plaintiff's eligibility to the exclusion of "shall participate." However, defendants had discretion to amend the Bonus Plan and any award at any time, including after the fact. Plaintiff argues that defendants' discretion to amend the Bonus Plan necessarily ends on the due date. Section 12's only temporal limitation concerns termination of the Bonus Plan which is to be before a future grant. (NYSCEF 17, Bonus Plan ¶12.) Otherwise §12 allows defendants to amend the plan and an award "at any time." (*Id.*) As to 2021, plaintiff suggests that there was an agreement to defer the payment of the bonus until after the end of the litigation, but plaintiff fails to allege that the agreement was reduced to an award agreement as required by ¶3b and ¶15. (*See* NYSCEF 1, Complaint ¶149; NYSCEF 17, Bonus Plan.) Therefore, defendants' motion to dismiss the breach of contract claim as to cash bonuses is granted.

**Breach of Contract: Class B-1 Units (1st)**

Finally, plaintiff alleges breach of the employment agreement because defendants had discretion to designate which executive would receive an annual award of Class B-1 units, and how much but not whether to make the award. Section 2(c) provides:

> "In each calendar year commencing in 2018 and continuing through 2022, the Company will award to certain of its executives Class B-1 Units representing 1% of the Company's fully diluted equity at the time of each award, as determined by the Board after consultation with Executive. For each such calendar year,

**653395/2024 KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No. 001**

**Page 8 of 12**

Executive shall be eligible to receive an award of Class B-1 Units on the terms and conditions established by the Board." (NYSCEF 2, Employment Agreement §2[c].)

Indeed, plaintiff received such awards in 2018-2019. (NYSCEF 1, Complaint ¶12.)

Defendants insist they had unlimited discretion to deny plaintiff Class B-1 units in 2020, 2021, and 2022 because plaintiff's eligibility for such awards is not equivalent to a right to the award. Defendants assert a distinction between the word "executives" used in the first sentence versus "Executive" which is a defined term meaning plaintiff used in the second sentence. (*See* NYSCEF 2, Employment Agreement §2[c].) Plaintiff argues that he is an executive and thus has a right to the Class B-1 units, as stated in the first sentence. As discussed on the record at argument on May 15, 2025, the court finds that the award in the first sentence is clearly obligatory; defendants have no discretion to change it. Defendants' discretion in the first sentence goes to allocation, which executive receives how much. This discretion is to be exercised in consultation with plaintiff if there is such an allocation decision to make.

However, plaintiff alleges that there were no executives except for him and thus he is entitled to all the Class B-1 units. (NYSCEF 1, Complaint ¶¶143-147.) Plaintiff's reading impermissibly renders the second sentence superfluous because there would be no need for the second sentence. (*Summers v Alvarez*, 2001 NY Slip Op 40298[U], *2 [App Term, 1st Dept, 2001].) Therefore, defendants' motion is granted as to Class B-1 units.

## Unjust Enrichment (2nd)

Plaintiff's unjust enrichment claim is dismissed to the extent it mirrors the contract claims. (*Clark-Fitzpatrick, Inc. v Long Is. R. Co.,* 70 NY2d 382, 388 [1987].) However,

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No.  001**

Page 9 of 12

as to plaintiff's claim for wages for his 2017 work, the January 18, 2018 employment agreement is not a bar to this claim as defendants did not address the merger clause in either their moving brief or reply. (NYSCEF 14, Defendants' MOL; NYSCEF 21, Defendants' Reply MOL.) It is unfair for defendants to raise an argument at oral argument for the first time. (*Hayes v Gaceur*, 162 AD3d 437, 438 [1st Dept 2018].)

**Promissory Estoppel (4ᵗʰ)**

Plaintiff asserts that defendants promised in writing to award him class A shares and cash bonuses. "[T]he existence of valid and enforceable written contracts preclude recovery under the causes of action sounding in promissory estoppel and unjust enrichment, which arise out of the same subject matter." (*Grossman v New York Life Ins. Co.*, 90 AD3d 990, 991-92 [2d Dept 2011] [citations omitted], *lv dismissed* 975 NE2d 487 [2012], *rearg denied* 20 NY3d 965 [2012].) Therefore, the claim for promissory estoppel is dismissed.

**Labor Law Claims for Improper Deduction of Wages and Retaliation (5ᵗʰ and 6ᵗʰ)**

Plaintiff asserts that defendants' failure to pay cash bonuses and B-1 profit interests are equivalent to failure to pay wages in violation of Labor Law §193. To determine whether compensation constitutes "wages," the court look at whether the compensation was "(1) tied to personal productivity or to the performance of the company; (2) guaranteed or discretionary; and (3) vested or contingent." (*Hallett v. Stuart Dean Co.*, 481 F Supp 3d 294, 310 [SD NY 2020].) The fifth cause of action is dismissed because both cash bonuses and B-1 profit interests were discretionary and thus not wages, as discussed above. (*See Truelove v Northeast Capital & Advisory, Inc.*, 95 NY2d 220, 223-24 [2000].) Moreover, incentive compensation is not a wage.

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No.  001**

**Page 10 of 12**

10 of 12

[* 10]

(*Guiry v Goldman, Sachs & Co.*, 31 AD3d 70, 73 [1st Dept 2006], *appeal withdrawn* 7 NY3d 809 [2006].)  Therefore, defendants' motion is granted as to fifth and sixth causes of action.

Accordingly, it is

ORDERED that the motion to dismiss the first cause of action for breach of contract is granted as to the claim for Class A units and the first cause of action is dismissed in part without prejudice; and it is further

ORDERED that the motion to dismiss the first cause of action for breach of contract is granted as to the claim for the cash bonus and Class B-1 units and the first cause of action is dismissed in part, and the motion is denied as to the claim for the salary increase; and it is further

ORDERED that the motion to dismiss the second cause of action for unjust enrichment is granted except as to plaintiff's 2017 claim and the second cause of action is dismissed in part; and it is further

ORDERED that the motion to dismiss fourth, fifth, and sixth causes of action is granted and the fourth, fifth, and sixth causes of action are dismissed; and it is further

ORDERED that defendants shall answer the complaint in accordance with CPLR; and it is further

ORDERED that initial disclosure shall be completed by June 20, 2025 (*see* Part 48 Procedures ¶16); and it is further

**653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL**
**Motion No.  001**

**Page 11 of 12**

11 of 12

ORDERED that the parties shall submit a proposed Preliminary Conference order via email (sfc-part48@nycourts.gov) and NYSCEF by June 27, 2025.  The court will determine if a conference is necessary.

**5/19/2025**
**DATE**

**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653395/2024   KASSELAKIS, STEFANOS vs. TIPTREE, INC. ET AL
Motion No.  001

Page 12 of 12