Artiega v Griffin Organics, Inc.
2026 NY Slip Op 03134
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mauricio E. Zavala Artiega, etc., respondent,
v
Griffin Organics, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-03268, 2022-03592, (Index No. 61483/21)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Zabell & Collotta, P.C., Bohemia, NY (Saul D. Zabell of counsel),for appellants.
Lee Litigation Group, PLLC, New York, NY (C.K. Lee of counsel), for respondent.

[*1]
DECISION & ORDER
In a putative class action, inter alia, to recover unpaid wages, the defendants appeal from (1) a decision of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated March 15, 2022, and (2) an order of the same court also dated March 15, 2022. The order, upon the decision, granted the plaintiff's motion, inter alia, to approve the plaintiff's proposed schedule for final settlement approval, to conditionally certify the proposed class for settlement purposes, to appoint the plaintiff's counsel as class counsel, and to approve the notice of proposed settlement of class action lawsuit and fairness hearing.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2016, the plaintiff, a former employee of the defendants Griffin Organics, Inc., and Griffin's Landscaping Corp., commenced a class action against the defendants in the United States District Court for the Southern District of New York (hereinafter the District Court), asserting claims under the Fair Labor Standards Act (FLSA) on behalf of himself and New York's Labor Law on behalf of the proposed class (hereinafter the federal action).
In May 2017, in relation to the federal action, the parties participated in private mediation and reached a settlement of all causes of action (hereinafter the settlement agreement), which was memorialized in a term sheet (hereinafter the term sheet) subscribed by the attorneys for the parties, as well as by the defendant Glenn Griffin. The term sheet provided that "[t]he parties agree to work in good faith to finalize [a] settlement agreement" and "[i]f the parties are not able to agree on the ancillary terms of the settlement, . . . any conflicts" would be referred to an arbitrator for resolution. The term sheet further provided that the plaintiff would release all of the FLSA causes of action with prejudice and the defendants would pay the plaintiff $15,000 in settlement of those causes of action. The parties also agreed that the plaintiff would dismiss the Labor Law causes of action without prejudice and that, thereafter, the plaintiff "shall file a state court claim," in which [*2]the parties "agree to a class settlement of $585,000." The parties also agreed that the provisions of the term sheet were "legally binding."
On June 26, 2017, before the settlement agreement was formalized and submitted to the District Court for approval, the defendants retained new counsel. Following the substitution of counsel, the defendants purportedly declined to proceed further with settlement negotiations or to comply with the terms of the term sheet. The plaintiff then filed a motion to compel arbitration pursuant to the arbitration provision of the term sheet and to enforce the settlement agreement. The District Court granted the plaintiff's motion and, in an award dated May 31, 2018 (hereinafter the May arbitration award), the arbitrator determined that the term sheet was "valid and enforceable."
After remanding the matter to the arbitrator for clarification of the May arbitration award, in an order dated May 19, 2021, the District Court approved the settlement agreement. Approximately three months later, the plaintiff, on behalf of himself and the proposed class, commenced this action against the defendants, inter alia, to recover unpaid wages. The proposed class consisted of, among others, drivers, laborers, gardeners, landscapers, snow shovelers, and helpers employed by one or more of the defendants "on or after the date that is six years before the filing of the" federal action.
Thereafter, the plaintiff moved, among other things, to approve the plaintiff's proposed schedule for final settlement approval, to conditionally certify the proposed class for settlement purposes, to appoint the plaintiff's counsel as class counsel, and to approve a notice of proposed settlement of class action lawsuit and fairness hearing (hereinafter the proposed settlement notice). The plaintiff defined the class, for settlement purposes only, as the "[n]amed Plaintiff and all current and former non-managerial employees (excluding administrative staff) from August 22, 2010 to the date of preliminary approval." The defendants opposed the motion, and the plaintiff submitted a reply affirmation in further support of the motion. In an order dated March 15, 2022, upon a decision also dated March 15, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court correctly determined that the doctrine of collateral estoppel precluded the defendants from relitigating the issues of whether the term sheet was binding and enforceable or had been voided by the defendants' purported default under the terms of the term sheet (see Matter of Enigbonjaye v NYS Justice Ctr. for People with Special Needs, 224 AD3d 752, 754).
"The plaintiffs have the burden of establishing compliance with the statutory requirements for class action certification under CPLR 901 and 902" (Jenack v Goshen Operations, LLC, 222 AD3d 36, 44 [alterations and internal quotation marks omitted]). "A class action certification must be founded upon an evidentiary basis" (id. [internal quotation marks omitted]). "Whether the facts presented on a motion for class certification satisfy the statutory criteria is within the sound discretion of the trial court" (id. at 41 [internal quotation marks omitted]). Nonetheless, "[i]t has long been recognized that the criteria set forth in CPLR 901(a) should be broadly construed . . . because it is apparent that the Legislature intended [CPLR] article 9 to be a liberal substitute for the narrow class action legislation which preceded it" (Jenack v Goshen Operations, LLC, 222 AD3d at 41 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff established compliance with the statutory requirements for class action certification under CPLR 901 and 902 (see Jenack v Goshen Operations, LLC, 222 AD3d at 45-46; Medina v Fairway Golf Mgt., LLC, 177 AD3d 727, 728; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 424).
We decline the plaintiff's request to impose sanctions against the defendants in connection with this appeal (see 22 NYCRR 130-1.1[a], [c]; Grossman v New York Life Ins. Co., 90 AD3d 990, 992).
The parties' remaining contentions either need not be reached in light of our [*3]determination or are without merit.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court